UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRAVIS LANE,** | Civil Action No. 15-4108(FLW) |
| **Petitioner,** | |
| v. | MEMORANDUM AND ORDER |
| **THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,** | |
| **Respondents.** | |

This matter has been opened to the Court by Petitioner's filing of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and his subsequent filing of a motion for a stay to exhaust certain unspecified claims in state court. (ECF Nos. 1, 5.) For the reasons explained in the Memorandum and Order, the Court will deny Petitioner's motion for a stay without prejudice to his filing of (1) an amended petition that includes <u>all federal grounds for relief</u> that he wishes to raise in his § 2254 petition (both exhausted and unexhausted), and (2) a new motion for a stay if any of the grounds in the amended petition are as yet unexhausted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with the Antiterrorism Effective Death Penalty Act's (AEDPA) purposes, *Rhines*, 544 U.S. at 276, and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than

1

dismiss, the mixed petition." *Id.* at 278.  *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims). The *Rhines* Court explained:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under [*Rose v. Lundy*, 455 U.S. 509 (1982)] after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1–year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

*Rhines*, 544 U.S. at 275; *see also Floyd v. Ricci*, No. CIV 09-5338 (PGS), 2010 WL 2836611, at *2 (D.N.J. July 8, 2010) (explaining same).

Here, the Court will deny Petitioner's motion for a stay without prejudice because it does not appear that Petitioner has included any unexhausted claims in his current § 2254 petition. (*See* ECF No. 1.)  In his motion for a stay, Petitioner appears to asserts that the § 2254 Petition he filed (ECF No. 1) is a mixed petition, and that he needs a stay in order to exhaust one or more of the claims raised in his § 2254 Petition.[1]  (*See* ECF No. 5.) It appears, however, that his current § 2254 Petition is <u>not</u> a mixed petition, as the Petition indicates that the first ground for relief was raised on direct appeal and the second ground for relief was raised in his first PCR. (*See* ECF No. 1, Pet. at 4-8.)  Under these circumstances, it appears that, even if a stay were granted, a stay of Petitioner's current § 2254 petition would not preserve Petitioner's ability to have this Court consider potentially meritorious but unexhausted claims because the two claims listed in his current petition appear to have been exhausted.  In addition, Petitioner has not met

---

[1] The Motion for a stay does not clearly identify the unexhausted claim or claims for which Petitioner seeks a stay. Instead, the motion contains excerpts from witness statements and police reports without explaining the underlying claim or claims to which these statements and reports relate.

2

the other requirements for a stay by showing (1) that his unexhausted claims are potentially meritorious, (2) that he has good cause for failing to exhaust, and (3) the absence of intentionally dilatory litigation tactics. As such, the Court will deny Petitioner's motion for a stay without prejudice to his filing of (1) an amended petition that includes <u>all federal grounds for relief</u> that he wishes to raise in his § 2254 petition (exhausted and unexhausted), and (2) a new motion for a stay if any of the claims in the amended petition are unexhausted.

Furthermore, in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), this Court is hereby notifying Petitioner of the following consequences of filing a § 2254 Petition under AEDPA. First, AEDPA generally permits a prisoner in custody pursuant to the judgment of a State court who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States, to file only one petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court. This is because, in the absence of extremely limited circumstances and the prior approval of the United States Court of Appeals for the Third Circuit, this Court lacks jurisdiction to entertain a federal claim presented in a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b). Thus, as a result of this bar on second and successive § 2254 petitions, a prisoner challenging the legality of detention pursuant to a judgment of a State court must include all available federal grounds to collaterally attack the State judgment in the first § 2254 petition.

In addition, under AEDPA, except in extremely limited circumstances, the prisoner must file this one all-inclusive § 2254 petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d).11. Furthermore, under AEDPA, a this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the

3

remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). The Exhaustion Doctrine requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

In light of the fact that the § 2254 Petition presently before this Court does not appear to include any unexhausted claims, and in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), this Court is hereby giving Petitioner 45 days in which to file an amended § 2254 petition that includes all federal claims which Petitioner wants this Court to consider. Petitioner should include in this amended petition all exhausted federal claims, as well as all unexhausted federal claims, if he wants this Court to consider those claims. To the extent his Petition includes unexhausted claims he may file a new motion for a stay together with his amended petition.[2]

Petitioner is also advised that, if the § 2254 Petition presently before this Court was filed within the one-year statute of limitations under 28 U.S.C. § 2244(d), then this Court will toll the statute of limitations from the date Petitioner handed the § 2254 Petition (Docket Entry # 1) to prison officials for mailing to the Clerk of this Court and until 45 days after the date of the entry

---

[2] The motion for a stay must show the following: (1) that Petitioner's unexhausted claims are potentially meritorious; (2) that he has good cause for failing to present all his ineffective of counsel claims in his first state petition for post-conviction relief; and (3) the absence of intentionally dilatory litigation tactics.

4

of this Order. This means that, if the original § 2254 Petition was timely filed, then the amended petition will also be timely filed. *See e.g.*, *Floyd*, 2010 WL 2836611, at *3 (explaining same).

It is therefore on this 28th day of September, 2016,

**ORDERED** that the motion (ECF No. 5) to stay the § 2254 Petition is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner has 45 days from the date of the entry of this Order to submit to prison officials for filing an amended § 2254 petition which includes all federal grounds for relief (both exhausted and unexhausted) he wishes the Court to consider; to the extent Petitioner's amended Petition includes unexhausted claims, he may also file a new motion for a stay together with his amended petition; and it is further

**ORDERED** that, if Petitioner files an amended petition, then he must fill in the form provided by the Clerk and must answer each question on the face of the form, attaching additional pages only if the answer does not fit in the space provided on the form; and it is further

**ORDERED** that, if Petitioner fails to submit for filing an amended § 2254 petition within 45 days of the date of the entry of this Order, then this Court will consider Docket Entry #1 as Petitioner's one and only all-inclusive § 2254 Petition and, absent extraordinary circumstances, federal claims set forth in any second or successive § 2254 petition will be subject to dismissal for lack of jurisdiction, *see* 28 U.S.C. § 2244(b); and it is finally

**ORDERED** that the Clerk shall serve this Order by regular mail upon Petitioner and shall enclose a blank § 2254 form petition.

                                                                 /s/ Freda L. Wolfson
                                                                 Freda L. Wolfson
                                                                 United States District Judge