| | |
|---|---|
| TRAVIS LANE, | Civil Action No. 15-4108(FLW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

This matter has been opened to the Court by Petitioner's filing of an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and his second motion for a stay to exhaust certain claims in state court.  (ECF Nos. 10, 11.)  Respondents oppose Petitioner's motion for a stay, and have attached exhibits showing that the PCR court has already denied Petitioner's second PCR, which appears to raise the issues for which Petitioner seeks a stay. Respondents further contend that Petitioner has not exhausted the claims in his second PCR by filing an appeal of the denial of his second PCR to the Appellate Division or the New Jersey Supreme Court.  For the reasons explained in the Memorandum and Order, the Court will deny Petitioner's motion for a stay and order Petitioner to inform the Court within 30 days as to whether he intends to exhaust the claims raised in his second PCR by appealing, albeit belatedly, the denial of his second PCR to every level of the state court.  If Petitioner does not intend to appeal the denial of his second PCR, Petitioner shall either withdraw his unexhausted claims or provide a valid reason(s) to excuse his procedural default of these claims.

On February 11, 2016, Petitioner filed a motion for a stay to go back to state court and exhaust unspecified claims for relief. (ECF No. 5.) Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), the Court denied the stay without prejudice to Petitioner's filing of (1) an amended petition that includes <u>all federal grounds for relief</u> that he wishes to raise in his § 2254 petition (both exhausted and unexhausted), and (2) a new motion for a stay if any of the grounds in the amended petition are as yet unexhausted.[1] (ECF No. 9.) The Court also, in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), notified Petitioner of the consequences of filing a § 2254 Petition under AEDPA. (*Id.*)

On November 9, 2016, Petitioner filed a second motion for a stay and an Amended Petition that raises four grounds for relief. (ECF Nos. 10, 11.) The Amended Petition alleges that Grounds One and Two have been duly exhausted. (*See* ECF No. 11.) The unexhausted claim appear to be Grounds Three and Four of the Amended Petition. (ECF No. 11, Pet. at 4-14.) In Ground Three, Petitioner alleges that the trial court erred in disposing of post-conviction relief application without defense counsel's presence and at least a representation that conferred with defendant and had investigated merits of the petition. (*Id.*, Pet. at 9.) In support of this ground for relief, Petitioner alleges that his counsel appeared telephonically on his behalf. (*See*

---

[1] In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with the Antiterrorism Effective Death Penalty Act's (AEDPA) purposes, *Rhines*, 544 U.S. at 276, and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278. *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims).

*id.*)  In Ground Four of the Amended Petition, Petitioner alleges that trial counsel failed to properly conduct a pre-trial investigation of the state's witnesses.  (*Id.*, Pet. at 10.)

On November 30, Respondent filed a brief in opposition to Petitioner's motion, which attaches exhibits showing that Petitioner submitted a second PCR on January 5, 2016 that raised two grounds for relief.  (ECF No. 13-1, Petitioner's second PCR dated Jan. 5, 2016.)  Petitioner alleged that (1) trial counsel was ineffective for not properly investigating witnesses' identification of the defendant and that (2) PCR counsel provided ineffective assistance of counsel for appearing telephonically on the defendant's behalf in court.  (*Id.*)  Respondent has also attached copies of the PCR court's Opinion and Order dismissing with prejudice Petitioner's second PCR.  (ECF No. 13-2, PCR court's Opinion and Order dated Apr.28, 2016.)  Respondent has represented to the Court that Petitioner did not file an appeal of the denial of his second PCR. (*See* ECF No. 13, Respondent's Brief at 3.)

Petitioner, in his second motion for a stay, failed to inform the court that PCR court had already denied his second PCR; furthermore, Petitioner has not informed the Court whether he intends to appeal, albeit belatedly, the denial of his second PCR to every level of the state court, which he must do in order to exhaust these claims.[2]

Under AEDPA, this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B).  *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993).  The Exhaustion Doctrine requires a petitioner challenging a New Jersey

---

[2] The Court expresses no opinion as to whether the state courts would accept Petitioner's appeal out of time.

conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

If Petitioner does not intend to appeal the PCR's court's decision denying his second PCR to each level of the state court, his claims remain unexhausted, and will be subject to dismissal by this Court unless Petitioner can provide a valid reason(s) to excuse his procedural default. Therefore, Petitioner shall inform the Court within 30 days as to whether he intends to appeal the denial of his second PCR to each level of the state court. If Petitioner so informs the Court, the Court will stay the action to permit Petitioner to exhaust the claims raised in his second PCR. If Petitioner informs the Court that he does not intend to exhaust Grounds Three and Four of the Amended Petition, he must either withdraw those claims or provide a valid reason(s) why the Court should excuse his procedural default.

Respondents suggest that Petitioner is seeking to file a Third PCR. (ECF No. 13, Respondents' Brief at 3.) To the extent Petitioner is seeking a stay to file a third PCR that raises claims that are substantially similar to the claims he has already raised in his second PCR, the Court denies that request, as the PCR court would inevitably deny the third PCR for the same reasons it denied the second PCR.

**IT IS, THEREFORE**, on this 20th day of June, 2017,

**ORDERED** that the motion (ECF No. 10) to stay the § 2254 Petition is **DENIED WITHOUT PREJUDICE** for the reasons stated above; and it is further

**ORDERED** that within 30 days of the entry of this Order, Petitioner shall inform the Court as to whether he intends to exhaust Grounds Three and Four of his Amended Petition by

appealing the denial of his second PCR to <u>every level of the state court</u>; if Petitioner intends to appeal the denial of his second PCR, the Court shall enter a separate Order staying the matter pending the resolution of that appeal; and it is further

**ORDERED** that to the extent Petitioner does <u>not</u> intend to exhaust Grounds Three and Four of his Amended Petition, he must either withdraw those claims <u>or</u> provide a valid reason(s) why this Court should excuse his procedural default; if Petitioner elects to withdraw his unexhausted claims or provide a reason(s) to excuse his procedural default, he must do so in a signed writing within 30 days;

**ORDERED** that to the extent Petitioner seeks a stay to file a <u>third PCR</u> that raises claims that are substantially similar to the claims he has already raised in his second PCR, that request is **DENIED**; and it is further

**ORDERED** that if Petitioner fails to respond to the Court's Order, then this Court will consider Docket Entry #11 as Petitioner's one and only all-inclusive § 2254 Petition and, absent extraordinary circumstances, federal claims set forth in any second or successive § 2254 petition will be subject to dismissal for lack of jurisdiction. *See* 28 U.S.C. § 2244(b); and it is finally

**ORDERED** that the Clerk shall serve this Order by regular mail upon Petitioner.


s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge