UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|  |  |
|---|---|
| TRAVIS LANE, | : |
| Petitioner, | : Civil Action No. 15-4108 (RK) |
| v. | : MEMORANDUM & ORDER |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : |
| Respondents. | : |

This matter has been opened to the Court by Petitioner Travis Lane's ("Petitioner" or "Lane") filing of a motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). For the reasons explained below, the Court denies the motion to reopen the time to appeal.[1]

The Court recounts only the facts necessary to resolve this motion. On December 1, 2022, the Honorable Freda L. Wolfson issued an Opinion and separate Order denying Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and denying a certificate of appealability. ECF Nos. 32, 33. On June 5, 2023, Petitioner submitted to prison officials for filing a notice of appeal, a motion to proceed *in forma pauperis* on appeal, a motion for a certificate of appealability, and a motion to reopen the time to file his appeal.[2] *See* ECF Nos. 33, 36, 37, 38.

---

[1] The Court will also terminate the motion to proceed *in forma pauperis* because the Third Circuit granted that motion on July 3, 2023. App. No. 23-2066, Dkt. No. 9. The Court also terminates the motion for a certificate of appealability, which is directed to the Third Circuit and not this Court.

[2] The Court uses the date Petitioner signed his papers as the filing date. *See Houston v. Lack*, 487 U.S. 266, 267 (1988) (establishing a "bright-line rule recognizing receipt by prison authorities as the moment of filing" for a notice of appeal filed by prisoner).

1

The matter was transferred to the undersigned on June 12, 2023. ECF No. 34. The appeal was docketed in the Third Circuit on June 13, 2023, and the circuit court subsequently stayed the appeal pending this Court's resolution of Petitioner's motion to reopen the time to file an appeal. *See* ECF No. 35, 39. Respondents have submitted a brief opposing Petitioner's motion to reopen the time to file the appeal. ECF No. 41.

Petitioner provides the following facts in support of his motion to reopen the time to file his appeal:

> 4. Due to my incarceration in the Department of Corrections and being under their control I am unable to control how my personal property is treated during prison transfers within the DOC. After initially receiving the District Courts denial I was transferred to a different prison and my personal property was misplaced by corrections officers along with the decision of the District Court denying my petition. Also during this time the prison system was on COVID quarantine lockdown and therefore I did not have access to prison paralegal assistance to help me file my notice of appeal.
>
> 5. I also have been diagnosed as being borderline mentally retarded and I do not understand the law or legalese and cannot execute legal matters without the assistance of a prison paralegal and am only able to execute this certification, motion, and notice of appeal with the assistance of paralegal Mr. Rashon Barkley #2607 at East Jersey State Prison.
>
> 6. For the reasons as stated above I should be permitted to file this appeal as within time pursuant to F.R.A.P. 4(a)(6).

ECF No. 38, Petitioner's Certification at ¶¶ 4-6.

Requests to extend the time to appeal are governed by Fed. R. App. P. 4. District courts may extend the time to appeal under Rule 4(a)(5)(A), which states: "'[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.'" *Allen v. Vaughn*, 298 F. App'x 130, 133 (3d Cir. 2008) (citing Fed. R. App. P. 4(a)(5)(A)). "No extension under ... Rule 4(a)(5) may exceed 30 days after the prescribed

time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C); *see also Wade v. Warden FCI Fairton*, No. CV 15-8925 (RMB), 2017 WL 160827, at *1 (D.N.J. Jan. 13, 2017) (explaining same).

Under Rule 4(a)(6), the district court may also reopen the time to file an appeal in limited circumstances. That Rule provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are met:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) <u>the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier</u>; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).

The time limitations in Federal Rule of Appellate Procedure 4(a)(6) are codified by statute. 28 U.S.C. § 2107(c). The statute reads:

> [T]he district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

*Id.*

In *Bowles v. Russell*, 551 U.S. 205 (2007), the United States Supreme Court held that the time limits set forth in Appellate Rule 4(a)(6) are jurisdictional. Bowles missed Appellate Rule 4(a)(1)'s thirty-day deadline to file a notice of appeal after being denied federal habeas relief by the district court. *Id.* at 207. When Bowles moved to reopen the time to take an appeal under Appellate Rule 4(a)(6), the district court granted his motion and gave him seventeen days, rather

than the fourteen days specified by Appellate Rule 4(a)(6) and § 2107(c), to file his notice of appeal. Bowles filed his appeal within the seventeen days allowed by the district court's order, but after the fourteen-day period allowed by Appellate Rule 4(a)(6) and § 2107(c) had passed. *Id.* Bowles argued that he should be permitted to appeal because he had filed his notice of appeal in accordance with the district court's order permitting him to do so. *See id.* at 214. The Supreme Court held that the court of appeals lacked jurisdiction over Bowles's appeal because it was filed outside the fourteen-day window allowed by Appellate Rule 4(a)(6) and § 2107(c). The Court observed that "the limit on how long a district court may reopen th[e] period [for filing an appeal under Appellate Rule 4(a)(6)] is set forth in a statute," and concluded that Appellate Rule 4(a)(6) was a jurisdictional rule, not a "simple 'claim-processing rule.'" *Id.* at 213.

Subsequently, in *Baker v. U.S.*, 670 F.3d 448, 456 (3d Cir. 2012), the Third Circuit relied on *Bowles* in determining that it lacked jurisdiction to extend the 180-day period set forth in Appellate Rule 4(a)(6) and § 2107(c) ("[g]iven *Bowles*, we cannot extend the 180–day outer limit of Appellate Rule 4(a)(6)."). The Third Circuit explained that the litigant's "failure to comply with the requirement that his motion to reopen be filed within the earlier of 180 days after the judgment or order is entered, or within seven days after his receipt of notice of the Dismissal Order, was fatal." *Id.* (citing 2005 Advisory Committee Notes to Appellate Rule 4(a)(6) ("[A]n appeal cannot be brought more than 180 days after entry, no matter what the circumstances."); 1991 Advisory Committee Notes to Appellate Rule 4(a)(6) (explaining that the rule "establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of judgment to seek additional time to take appeal").

Because "there is no doubt after Bowles that those rules listed in 28 U.S.C. § 2107, which are also embodied in Appellate Rules 4(a)(1) and 4(a)(6), are jurisdictional, and are not subject to equitable modification[,]" the Third Circuit also rejected Baker's argument that the court could "exclude time allegedly attributable to delays caused by prison officials in transmitting the Dismissal Order" in lieu of extending the time to appeal. *Id.* The circuit court explained that to read the term "entry" in Rule 4(a)(6)(B) to permit the exclusion of time lost to prison delay, "would completely eviscerate the plain language of 28 U.S.C. § 2107(c) and Appellate Rule 4(a)(6)(B), both of which set a clear 180-day outer limit on a motion to reopen." *Baker*, 670 F. 3d at 460.

Here, Lane contends that he meets the requirements to extend the time to file an appeal under Rule 4(a)(6) and attributes his late filing to the loss of his property during a prison transfer, COVID-19 quarantines and lockdowns, and his lack of access to a prison paralegal. Petitioner, however, does not provide any facts to suggest that he did not receive notice of Judge Wolfson's Dismissal Order within 21 days of its entry. And, even if the Court assumes that Petitioner did not receive notice of the Dismissal Order within 21 days of its entry, Petitioner's motion to reopen the time to appeal was filed (at the earliest) 186 days after the Order from which he appeals was entered, six days beyond the 180-day outer limit for reopening the time to file an appeal under Rule 4(a)(6). Like the Third Circuit did in *Baker*, this Court uses the date Lane executed his motion as the filing date. *See Baker*, 670 F.3d at 451 n.2 (presuming that the incarcerated appellant filed his motions on the date that he executed them). Even with the benefit of this earlier date, Lane's motion was filed beyond the 180-day deadline. Because the time limits in Rule 4(a)(6) are "mandatory and jurisdictional" and "are not subject to equitable modification," *Baker*, 670 F.3d at 454–56, the 180-day time period is the "outer limit" to file a motion to reopen, and "'[a]n appeal cannot be brought more than 180 days after entry, no matter what the circumstances.'" *Id.* at 456

(quoting 2005 Advisory Committee Notes to Appellate Rule 4(a)(6)). Just as a court may not extend the 180-day limit, a court may also not "exclude time lost due to prison delay in calculating the timeliness" of an appeal under Rule 4(a)(6). *Id.* at 456–60; *see also Rivera v. Superintendent Waymart SCI*, C.A. No. 20-1306, 2020 WL 4582604, at *1 (3d Cir. Jul 9, 2020) ("As the time limits in Rule 4(a)(6) are jurisdictional, the District Court lacked authority to grant Appellant's motion for equitable or other reasons."). Thus, in light of the binding precedent set forth in *Bowles* and *Baker*, the Court is constrained to find that it lacks jurisdiction to grant Lane's motion to reopen the time to appeal. For this reason, the Court denies Lane's motion to reopen the time to file an appeal.

**IT IS, THEREFORE**, on this ___ day of August 2023,

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN; and it is further

**ORDERED** that the motion to reopen the time to appeal (ECF No. 38) is DENIED for the reasons stated in this Memorandum & Order; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE the motion for leave to appeal *in forma pauperis*, which was granted by the Third Circuit, and the motion for a certificate of appealability, which is directed to the Third Circuit (ECF Nos. 36, 37); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to the Clerk of the Third Circuit Court of Appeals and to Petitioner at the address on file and CLOSE this matter accordingly.

                                                            ROBERT KIRSCH
                                                            United States District Judge